IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRENTISS SEMIEN, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3: 24-CV-3147-L-BW |
| | § | |
| DALLAS INDEPENDENT | § | |
| SCHOOL DISTRICT, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Dallas Independent School District, W.H. Adamson High School, and Stephanie Amaya's motion to dismiss all claims asserted by Plaintiff Prentiss Semien, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on February 14, 2025. (Dkt. No. 7 (the "Motion") ("Mot.").) Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-251, this case is referred to the undersigned United States magistrate judge for pretrial management and recommendation on claim-dispositive motions. (*See* Dkt. No. 1.)

Based on the relevant filings and applicable law, the undersigned recommends that the Motion (Dkt. No. 7) be **GRANTED** as set forth below.

I. BACKGROUND

On December 16, 2024, Semien, proceeding pro se, filed this lawsuit against Defendants asserting claims of "discrimination, retaliation, violation of Title IX rights, and personal injury" against Defendants Dallas Independent School District ("DISD"), W.H. Adamson High School ("AHS"), and AHS Principal Stephanie

1

Amaya ("Amaya") (collectively, "Defendants").  (*See* Dkt. No. 3 ("Compl.").)  Defendants filed the motion to dismiss Semien's claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and pursuant to Rule 12(b)(6), for failure to state a claim on which relief may be granted.  (*See* Mot.)  Semien filed a response in opposition on March 15, 2025.  (*See* Dkt. No. 10 ("Resp.").)  Defendants filed a reply on April 2, 2025. (*See* Dkt. No. 11 ("Reply").)  Semien's original complaint (Dkt. No. 3 ("Complaint") ("Compl.")) is the live complaint.

     Semien alleges the following facts in his Complaint.  Semien was employed by DISD, and although not directly stated, the allegations in his Complaint suggest that he was a classroom teacher at AHS.  (*See generally* Compl.)  On October 5, 2023, Semien reported the presence of mold in his classroom.  (Compl. at 2.)  On October 6, 2023, he reported to Amaya and the DISD Human Resources Department "multiple instances of harassment and sexual harassment perpetrated by Oscar Rodriguez[.]"[1]  (*Id.*)   Semien states he "also reported the alleged harassment to the campus mental health coordinator." (*Id.*)  Sometime thereafter, Rodriguez conducted an evaluation of Semien's job performance.  (*Id.*)  Semien does not plead any facts regarding the details of the alleged harassment or the performance evaluation.  (*Id.*)

---

[1] Although Semien's Complaint does not clearly state Rodriguez's position, Defendants clarify that Rodriguez was an assistant principal at AHS.  (*See* Mot. at 14, 17.)

Semien alleges that on May 22, 2024, he "was escorted off the AHS campus by security personnel." (*Id.* at 3.) According to Semien, he was unaware of the reasons for his removal until he contacted the Professional Standards Office on July 30, 2024. (*Id.*) Semien alleges that on June 12, 2024, his "employment status was publicly disclosed on the DISD website, while [he] was still under contract." (*Id.* at 2.) He does not elaborate further as to what "employment status" was disclosed. Semien further alleges this posting caused "undue harm" to his professional reputation, but again does not plead any facts regarding the circumstances of the alleged harm. (*Id.*) Semien next alleges that, in July 2024, DISD released "falsified records," including summaries of conferences he did not attend, "which were attributed to [Semien] and falsely claimed that [he] had refused to sign certain documents." (*Id.* at 2-3.)

According to Semien, these events caused "significant physical and emotional distress," including weight gain, high blood pressure, anxiety, depression, and insomnia. (Compl. at 3.) He seeks damages for emotional distress, pain and suffering, loss of enjoyment of life, lost wages, and relocation expenses. (*Id.*)

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home*

*Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Federal courts have the broad authority to "exercise subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505 (2006) (quoting 28 U.S.C. § 1331).

A motion to dismiss under Rule 12(b)(1) is the vehicle through which a party can challenge a federal court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in the complaint alone. *Ramming v. United States.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). "A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Home Builders Ass'n of Miss.*, 143 F.3d at 1010. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

**B.    Rule 12(b)(6).**

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches*

*Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).  Such a motion therefore is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).  A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id*. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557 (cleaned up); *see also Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) (unpublished) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions.  And, while a court must accept a plaintiff's factual allegations as true, it

5

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. And so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

In deciding a Rule 12(b)(6) motion, courts limit review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). At this stage, the court does not evaluate the plaintiff's likelihood of success. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017). Rather, it only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

"Pro se complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). And "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

## III.  ANALYSIS

### A.  AHS is not a legal entity amenable to suit.

Defendants first argue that all of Semien's claims against AHS should be dismissed because it is a building, not a legal entity that can be sued.  (*See* Mot. at 5.) The capacity of an entity such as a public school to sue or to be sued is determined by the law of the state in which the district court is located.  *See* Fed. R. Civ. P. 17(b). Under Texas law, the proper party is the school district.  *See* Tex. Educ. Code § 11.151 (trustees of independent school district have power to sue and be sued in name of the district).  *See Cain v. Tex. Tech Health Scis. Ctr.*, No. 5:20-CV-131-BQ, 2022 WL 677069, at *4 (N.D. Tex Feb. 11, 2022) ("[Texas Tech University Health Sciences Center] is not jural entity distinct from either TDCJ or Texas Tech University and it has no capacity to be sued under § 1983."), *adopted*, 2022 WL 675810 (N.D. Tex. Mar. 7, 2022); *Rico ex rel. S.R. v. El Paso Indep. Sch. Dist.*, No. EP-17-CV-00183-KC, 2018 WL 11347015, at *3 (W.D. Tex. Feb. 6, 2018) (dismissing claims against a high school because the proper party under Texas law is the school district); *Richardson v. St. Philips Coll.*, No. SA-10-CV-0447 FB NN, 2010 WL 4236933, at *1 (W.D. Tex. Oct. 20, 2010) (dismissing claims against a junior college because it lacked the capacity to be sued under the Texas Education Code); *see also Hamm v. Saltillo High Sch.*, No. 1:14-CV-192-SA-DAS, 2015 WL 9275163, at *2 (N.D. Miss. Dec. 18, 2015) (dismissing claims against a high school because the power to sue and be sued lies with the school board under Mississippi law); *Muller v.*

*St. Tammany Par.*, No. CIV.A.09-3362, 2010 WL 2464802, at *6 (E.D. La. Apr. 28, 2010) (dismissing claims against a high school because it was not a "juridical person" with the capacity to sue or be sued under Louisiana law), *adopted*, 2010 WL 2464801 (E.D. La. June 4, 2010). Therefore, Semien's claims against W.H. Adamson High School should be dismissed with prejudice.

**B.     DISD has governmental immunity barring Semien's state law tort claims.**

Defendants next argue that all tort claims against DISD should be dismissed under Rule 12(b)(1) because DISD's governmental immunity bars any tort claims that could be asserted based on the facts alleged in Semien's Complaint. (*See* Mot. at 5.) The undersigned agrees.

Semien vaguely alleges various state-law tort claims against DISD, including emotional distress, defamation, retaliation, unsafe work conditions, and personal injury. (*See* Compl. at 1, 2.) Under Texas law, government entities are generally immune from suit and liability unless a waiver of immunity is provided by statute. *See, e.g.*, *Duffie v. Wichita Cnty.*, 990 F. Supp. 2d 695, 717 (N.D. Tex. 2013) (citing *Harris Cnty. v. Dillard*, 883 S.W.2d 166, 168 (Tex. 1994)). Texas law provides a limited waiver of immunity for certain tort claims against a governmental entity under the Texas Tort Claims Act ("TTCA"). *See, e.g.*, *LeLeux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). Liability for school districts for state torts is limited to negligence arising from the operation of a motor vehicle. Tex. Civ. Prac. & Rem. Code Ann. § 101.051 (West 1985). *See also Mission Consol. Indep. Sch.*

*Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008) (applying Tex. Civ. Prac. & Rem. Code Ann. § 101.051 to a school district). Accordingly, DISD is immune from claims for negligence, gross negligence, and intentional infliction of emotional distress ("IIED"). *Doe v. Dallas Indep. Sch. Dist.*, 194 F.Supp.3d 551, 567 (N.D. Tex. 2016); *see also Henderson v. Grand Prairie Indep. Sch. Dist.*, No. 4:12-CV-498-A, 2012 WL 4801374, at *1 (N.D. Tex. Oct. 9, 2012) (dismissing IIED claim against school district because intentional torts are barred by governmental immunity). Here, Semien has not pled any facts that overcome DISD's immunity under the TTCA, and therefore the emotional distress claim should be dismissed with prejudice for lack of subject matter jurisdiction under Rule 12(b)(1).

There is no waiver of immunity for intentional torts, including torts involving disciplinary action by school authorities. Tex. Civ. Prac. & Rem. Code Ann. § 101.057. *See, e.g.*, *Aguirre v. City of San Antonio*, 995 F.3d 395, 422 (5th Cir. 2021) ([I]ntentional conduct, no matter how it is pled, falls under the TTCA's sovereign immunity waiver exception."); *Saenz v. City of El Paso*, 637 Fed. App'x 828, 830 (5th Cir. 2016) ([I]f a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim . . . is barred by the TTCA."). Here, Semien's tort claims against DISD, including his claims for defamation, retaliation, and unsafe working conditions, are intentional torts, for which immunity has not been waived. *See. e.g.*, *Jackson v. Texas A&M Univ. Sys.*, 975 F. Supp. 943, 946 (S.D. Tex. 1996) (stating that defamation is an intentional tort that is barred by governmental immunity). Accordingly, Semien's tort claims against DISD are

barred by governmental immunity and should be dismissed with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.

### C. Claims cannot be brought against Amaya in her official or individual capacity.

Defendants assert that Semien's state law claims against Amaya should be dismissed for failure to state a claim because (1) the claims are redundant, or, alternatively, (2) school officials are immune from state law claims. (*See* Mot. at 8.) Semien does not allege whether Amaya is responsible in her official or individual capacity. (*See generally* Compl.) As pleadings from pro se plaintiffs are liberally construed, the Court will consider whether a claim can be brought against Amaya in both her official and individual capacities.

When a plaintiff asserts a claim against a state official in her official capacity, the court treats the claim as a lawsuit against the governmental entity of which the individual is an agent, employee, official, or representative. *Dabney v. Highland Park Indep. Sch. Dist.*, No. 3:15-CV-2122-L, 2016 WL 1273467, at *4 (N.D. Tex. Mar. 31, 2016) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Here, DISD is a named defendant, and therefore Semien's claims against Amaya in her official capacity as Principal of AHS are redundant. Accordingly, all claims against Amaya in her official capacity should be dismissed with prejudice under Rule 12(b)(6).

When a plaintiff asserts a claim against a professional employee of a school district in her individual capacity, the employee "is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of

employment and that involves the exercise of discretion on the part of the employee[.]" Tex. Educ. Code Ann. § 22.0511(a) (West 2007). A school principal is considered a "professional employee of a school district" under this statue. *Id.* at § 22.051(a)(1). *See, e.g.*, *Deleon v. Cantrell*, No. 7:16-CV-00038-O-BO, 2017 WL 1857443, at *3 (N.D. Tex. Apr. 20, 2017) (stating that the superintendent and principal defendants are immune from tort claims in their individual capacities for conduct within the scope of their employment duties), *adopted*, 2017 WL 1832061 (N.D. Tex May 5, 2017). Semien argues that Texas law does not protect school officials from liability for intentional torts or malicious acts. (*See* Resp. at 12.) But § 22.0511 only waives immunity from claims resulting in bodily injury to students or claims arising out of the operation of motor vehicles. *See* Tex. Educ. Code Ann. § 22.0511(b) (West 2007). Therefore, Amaya has a qualified immunity for actions taken within the scope of her employment.

      Here, Semien has not alleged any facts that Amaya acted outside the scope of her employment as principal with respect to his emotional distress, defamation, retaliation, unsafe working conditions, or personal injury claims against her. That is, the conduct for which Semien faults Amaya was all done in discharge of her duties as principal. Additionally, Semien has not alleged that operation of a motor vehicle caused his injuries. Therefore, the claims against Amaya in her individual capacity should be dismissed with prejudice under Rule 12(b)(6).

**D.    Semien's sexual harassment and retaliation claims under Title IX should be dismissed for failure to state a claim.**

Title IX provides that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).  Title IX explicitly authorizes certain federal agencies to enforce the prohibition on sex discrimination, but it does not explicitly provide a private cause of action for individuals to do so. *See* 20 U.S.C. §§ 1681–88. The Supreme Court has authorized an implied private right of action for students to allege violations of Title IX. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 281 (1998). But "individuals seeking money damages for *employment discrimination* on the basis of sex in federally funded institutions may not assert Title IX either directly or derivatively through § 1983." *Lakoski v. James*, 66 F.3d 751, 758 (5th Cir. 1995) (emphasis added).

Here, Semien cannot assert a Title IX claim against any of the defendants. Because Semien was employed by DISD at the time of the allegations, he does not have standing to state a claim under Title IX, and his Title IX claim should be dismissed for failure to state a claim.

**E.    Semien should be granted leave to amend his complaint to state his allegations of sexual harassment and retaliation under Title VII.**

Semien alleges in his Complaint that he "reported multiple instances of harassment and sexual harassment perpetrated by Oscar Rodriguez to Principal Stephanie Amaya and the DISD Human Resources department." (*See* Compl. at 2.)

12

He further alleges that as a result of these reports, he "experienced retaliation in the form of a hostile work environment," which allegedly included the "evaluation of [his] job performance" by the alleged harasser and "work conditions" he describes as "severely compromised." *Id*.

Based on these facts, it appears that Semien intended to assert his employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 to assert claims. Title VII provides the exclusive remedy for sex discrimination in employment. *See Taylor-Travis v. Jackston State Univ.*, 984 F.3d 1107, 1118 (5th Cir. 2021); *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 248 (5th Cir. 1997); *Wells v. Tex. Tech Univ.*, No. 5:23-CV-060-H, 2024 WL 2967859, at *6 (N.D. Tex. May 7, 2024); *Bennett v. Tarrant Cnty. Coll. Dist.*, No. 3:22-CV-0289-B, 2023 WL 1805215, at *3 (N.D. Tex. Feb. 7, 2023); *Stollings v. Tex. Tech. Univ.*, No. 5:20-CV-250-H, 2021 WL 3748964, at *12 (N.D. Tex. Aug. 25, 2021). Even construing Semien's harassment and retaliation allegations liberally in light of his pro se status, *see Brown,* 985 F.3d at 494, Semien's Complaint does not state enough well-pleaded facts to show essential elements to support a Title VII discrimination claim and survive a 12(b)(6) motion to dismiss.

In his response, Semien requested leave to amend his complaint to "provide further factual detail." (Resp. at 13.) "[T]he grant of leave to amend the pleadings pursuant to [Federal Rule of Civil Procedure 15(a)] is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Under Rule 15(a)(2), "the court should freely give leave when justice so requires."

Fed. R. Civ. P. 15(a)(2). "Rule 15(a)'s liberal amendment policy compels that leave to amend should be granted absent some justification for refusal, such as undue delay, bad faith, dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment." *Kirkland v. Racetrac Petroleum, Inc.*, No. 3:13-CV-1754-N, 2014 WL 982852, at *4 (N.D. Tex. Mar. 13, 2014) (citing *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir.2003)). Moreover, when, as here, the party seeking leave to amend is proceeding pro se, courts are more likely to allow the party to amend the complaint rather than face dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1-2 (N.D. Tex. Feb. 13, 2008).

In light of Semien's pro se status and the fact that his Complaint manifests an attempt to state a claim for employment discrimination, Semien's request for leave to amend should be granted. Furthermore, the relevant factors weigh in favor of granting Semien an opportunity to amend. Semien is proceeding pro se, he has not previously amended his complaint, and there is no evidence to indicate bad faith or undue delay on Semien's behalf, nor undue prejudice to Defendants by allowing this amendment.

Although a pro se plaintiff's pleadings are held to less stringent standards than pleadings drafted by lawyers, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), those "pleadings must show specific, well-pleaded facts, not mere conclusory allegations to

avoid dismissal." *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 747 (N.D. Tex. 2013) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992)). Accordingly, Semien should be permitted to file an amended complaint, but only as to his employment discrimination allegations under Title VII against Defendant DISD. To successfully move forward with his case, Semien's amended complaint must include well-pleaded facts to state a claim for relief under Title VII. The well-pleaded facts in Semien's amended complaint should be clear and precise. Semien is instructed that the Court will consider his amended complaint to be his best pleaded case. *See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("[J]udges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.") (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992).

## IV. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion to Dismiss (Dkt. No. 7) be **GRANTED**. Specifically, the Motion should be **GRANTED** as to all claims against Defendant W.H. Adamson High School; all claims against Defendant Stephanie Amaya, and all tort claims against Defendant DISD, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and those claims should be **DISMISSED WITH PREJUDICE**. The Motion should **GRANTED** as to Semien's purported Title IX claims against any Defendant, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to

state a claim upon which relief may be granted, and those claims should be **DISMISSED WITHOUT PREJUDICE** to repleading his employment discrimination allegations under Title VII as to Defendant DISD only. The District Judge should require that Semien file an amended complaint within 21 days of the resolution of these findings, conclusions, and recommendations or any other deadline the District Judge deems appropriate.

**SO RECOMMENDED** on June 16, 2025.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).