IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **PRENTISS SEMIEN,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-3147-L-BW** |
| § | |
| **DALLLAS INDEPENDENT SCHOOL;** § | |
| **W.H. ADAMSON HIGH SCHOOL; and** § | |
| **STEPHANIE AMAYA,** § | |
| § | |
| Defendants. § | |

## ORDER

Before the court is the Motion to Dismiss ("Motion") (Doc. 7), filed by Defendants Dallas Independent School District ("DISD"); W.H. Adamson High School ("AHS"); and AHS Principal Stephanie Amaya. Defendants seek dismissal, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), of all claims asserted by pro se Plaintiff Prentiss Semien ("Plaintiff) in this action for alleged employment discrimination, retaliation, violation of Title IX rights, emotional distress, defamation, unsafe work conditions, and personal injury. On June 16, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 12) was entered, recommending that the court grant the Motion to Dismiss but allow Plaintiff to replead his claims for alleged sexual harassment and retaliation under Title VII. Plaintiff objects to the dismissal of any of his claims against any Defendant and contends that he should be allowed to replead all of his claims against all Defendants.

Having considered Defendants' Motion, the file, record in this case, and Report, and having conducted a de novo review of those portions of the Report objected to by Plaintiff, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** the

findings and conclusions as those of the court. The court, nevertheless, determines that Plaintiff should be allowed to amend his pleadings to the extent indicated in this order. Accordingly, the court **denies without prejudice** Defendants' Motion (Doc. 7).

Rule 15(a)* provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768).

Although the court determines that the magistrate judge's findings and conclusions are factually and legally correct, it **construes** Plaintiff's objections to the Report as a request to amend his pleadings and **grants** his request to amend his pleadings to cure the deficiencies identified in the Report, *except that any amended complaint must not include the same claims against AHS.* As the Report correctly notes, the capacity of an entity such as a public school like AHS to sue or be sued is determined by the law of the state in which the district court is located, *see* Fed. R. Civ. P. 17(b), and district courts in this Circuit have concluded that, under Texas law, the proper party is the school district, not the public school. Report 7 (citing Tex. Educ. Code § 11.151, for the conclusion that the trustees of an independent school district have power to sue and be sued in name of the district; and citing cases). Thus, AHS lacks the capacity to be sued for the claims

---

* The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page 2**

asserted here, and Plaintiff recognizes as much by requesting to amend his pleadings to "substitute DISD as the proper defendant for these claims" against AHS. Doc. 13 at 1.

It is unclear at this juncture whether Plaintiff will be able to cure all of the deficiencies identified by the Report. In any event, Plaintiff is proceeding pro se, he has not previously amended his pleadings, and he asserts that he can cure these and the other pleading deficiencies noted in the Report if given the opportunity. The court will, therefore, give him an opportunity to amend his pleadings, as it is not readily apparent whether he has pleaded his "best case." Any amended complaint must be filed by Plaintiff by **July 28, 2025**, and *must not include the same claims against AHS*. Failure to file an amended complaint by this deadline will result in the *sua sponte* dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b), or Rules 12(b)(1) and 12(b)(6).

**It is so ordered** this 7th day of July, 2025.

Sam A. Lindsay
United States District Judge

Order – Page 3