IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PRENTISS SEMIEN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-3147-L-BW** |
| | § | |
| **DALLAS INDEPENDENT SCHOOL** | § | |
| **DISTRICT; W.H. ADAMSON HIGH** | § | |
| **SCHOOL; and STEPHANIE AMAYA,**[1] | § | |
| | § | |
| Defendants. | § | |

## ORDER

On January 8, 2026, the Findings, Conclusions and Recommendation of the United States

Magistrate Judge ("Report") (Doc. 27) was entered, recommending that the court grant Defendant

Dallas Independent School District's ("DISD") Motion to Dismiss (Doc. 16), filed August 11,

2025, and dismiss with prejudice all claims against it in Plaintiff's Amended Complaint—for

alleged hostile work environment based on sexual harassment, discrimination based on sex, and

retaliation in violation of Title VII of the Civil Rights Act—pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim on which relief may be granted.  For the reasons

herein explained, the court **accepts** the Report (Doc. 27); **grants** DISD's Motion (Doc. 16); and

**overrules** all objections by Plaintiff to the Report and the magistrate judge's October 24, 2025

Order denying his Motion for Leave to File Surreply.

## I.    The Magistrate Judge's Report (Doc. 27) and Reasoning

The magistrate judge concluded that Plaintiff's Title VII hostile work environment claim

based on sexual harassment is time-barred because all of the events that he alleges in support of

---

[1] Defendants W.H. Adamson High School and AHS Principal Stephanie Amaya were dismissed from this action on
July 28, 2025.

**Order – Page 1**

this claim occurred more than 300 days before he filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"); and the allegations in his Amended Complaint are conclusory and do not plausibly allege conduct that qualifies as sexual harassment because of his sex, or harassment that was severe or pervasive.

The magistrate judge also concluded that Plaintiff's Title VII retaliation claims—based on his assertion that he experienced a "pattern of materially adverse actions" because of his reports or complaints of sexual harassment, racial discrimination by a student, and "differential retaliatory treatment"— should also be dismissed because: (1) Plaintiff failed to exhaust his administrative remedies, as his EEOC charge does not mention retaliation or identify any retaliatory conduct or actions that were taken in retaliation for any protected activity; and (2) the allegations in his Amended Complaint do not establish the necessary elements for retaliation, as he does not plausibly allege that he reported activity made unlawful by Title VII, and he does not allege any adverse employment actions taken in retaliation for any of his "reports."

The magistrate judge further recommends that the court should not allow Plaintiff to further amend his pleadings with respect to DISD, as he was previously allowed to amend, and amendment would be futile because his discrimination claim is time-barred, and his retaliation claim is barred for failure to exhaust administrative remedies.

## II.    Plaintiff's Objections to the Report (Doc. 28)

Plaintiff filed objections to the Report on January 22, 2026 (Doc. 28). He first contends that the magistrate judge failed to apply the correct legal standard. According to Plaintiff, the magistrate judge conducted a merits-based analysis, did not accept his allegations as true, and did not draw all reasonable inferences in his favor.  Plaintiff argues that the following sequence of events substantiates his argument:

> The FCR confirms that: "On September 21, 2025, Semien sought leave to file a sur-reply (Dkt. No. 20), which was denied. (See Dkt. No. 23.)" (FCR, Background). After constraining Plaintiff's briefing, the present FCR then faults Plaintiff for alleged pleading deficiencies, weighs facts in Defendant's favor, and recommends dismissal with prejudice. This sequence denial of sur-reply (Dkt. No. 23, Oct. 14, 2025), followed by merits-based fact-weighing and a with-prejudice dismissal recommendation (Jan. 8, 2026) demonstrates a procedurally imbalanced process in which Plaintiff was restricted from fully responding and then penalized for alleged deficiencies on an undeveloped record.

Doc. 28 at 8.

In addition, Plaintiff asserts that the Report improperly faulted him for failing to provide proof of discrimination, thereby elevaing his pleading burden beyond that required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff contends that, contrary to the Report, his allegations when viewed cumulatively, including those regarding DISD's post-complaint conduct, support a reasonable inference of retaliation and hostile work environment. Plaintiff takes issue with the magistrate judge's characterization of his pleadings as "subjective beliefs" and "routine employment matters," and he contends that the magistrate judge ignored his allegations that administrators had actual knowledge of his sexual-harassment complaint and failed to refer it for appropriate investigation. Plaintiff also takes issue with the magistrate judge's conclusions that he failed to exhaust his retaliation claim and did not engage in protected activity because retaliation claims may reasonably grow out of the facts alleged in an EEOC charge and may include post-charge conduct. For similar reasons, Plaintiff contends that the magistrate judge's recommendation prematurely forecloses discovery and amendment based on information that he might obtain in discovery that lends support for his claims, particularly his retaliation claim as pleaded, or a retaliation claim based on additional retaliatory conduct that has not been pleaded. Finally, Plaintiff disagrees with the determination that he has pleaded his "best case" and the

recommendation that he should not be allowed to further amend under Rule 15's liberal amendment standard.

### III.    DISD's Response to Plaintiff's Objections to the Report (Doc. 29)

DISD responded to Plaintiff's objections on February 5, 2026, arguing that Plaintiff's objections do not meaningfully address the magistrate judge's analysis; rather, they simply express disagreement with the outcome of that analysis without identifying any impermissible fact finding or legal error based on misapplication of the law. In this regard, DISD contends that: (1) the objections are not supported by citations to legal authority; (2) nothing in the Report reflects impermissible fact-finding because characterizing Plaintiff's allegations as supervision rather than sex-based harassment is not improper fact-weighing but a legal conclusion based on the pleaded facts, and evaluating whether Plaintiff's allegations plausibly show severe or pervasive harassment, protected activity, or causation is an application of governing law to the pleaded facts, not a credibility determination, as Plaintiff suggests; (3) the magistrate judge correctly recognized the conclusory nature of Plaintiff's allegations and was not required to accept conclusory labels like "harassment" or "retaliation" that are not supported by facts; (4) the magistrate judge considered Plaintiff's allegations regarding post-complaint conduct, and correctly concluded that such conduct was not actionable because conduct does not become actionable simply because it occurs after an internal complaint, and temporal sequence alone is not enough; (5) Plaintiff misstates the law, and contrary to his assertion, the magistrate judge correctly concluded that his charge of discrimination does not allege retaliation or provide facts from which a retaliation investigation could reasonably be expected to grow; (6) the magistrate judge correctly concluded that Plaintiff's retaliation claim also fails because complaints about supervision and workplace discomfort alone do not constitute protected activity; (7) Plaintiff's hostile work environment

claim is flawed because the complained of conduct must be sex-based and sufficiently severe or pervasive to alter the conditions of employment, and the magistrate judge correctly concluded that, even accepting as true Plaintiff's allegations, they do not plausible support a finding that he was subjected to severe or pervasive harassment "because of sex"; and (8) Plaintiff's contentions regarding "procedural imbalance" and his challenge to the denial of his request to file a surreply in connection with DISD's Motion again express nothing more than disagreement with the rulings or recommendations in this case without demonstrating any ground for legal error.  Additionally, DISD contends that Plaintiff's objections regarding further amendment should be overruled because the court has already allowed him to amend his pleadings, his amended pleadings continue to fail to plausibly allege facts supporting the Title VII claims he has asserted against DISD, no amendment could cure the deficiencies in his EEOC charge, and he does not identify any other factual allegations that would save his claims.

## IV.    Discussion

### A.  DISD's Motion to Dismiss (Doc. 16)

The court has carefully reviewed Plaintiff's First Amended Complaint, DISD's Motion, the parties' briefs, and the Report, and **finds no errors** in the magistrate judge's application of the Rule 12(b)(6) legal standard or the law governing Plaintiff's claims to the allegations in his pleadings, which are deficient for the reasons stated in the thorough Report issued by the magistrate judge.  As DISD correctly notes, while Plaintiff argues that the magistrate judge failed to correctly apply the law to the allegations in his pleadings, he fails to cite or discuss any legal authority in his objections that is contrary to that discussed and applied in the Report.  That Plaintiff disagrees with the magistrate judge's Report and unfavorable recommendation is not evidence of bias or failure to accept Plaintiff's factual allegations as true.  Plaintiff is correct that courts liberally

construe a pro se plaintiff's pleadings. The magistrate judge, however, was not required to accept as true conclusory allegations or Plaintiff's characterizations of his claims that are inconsistent with applicable law or not supported by the facts alleged by him, and it would have been error for the magistrate judge to have done so here. Further, the issue at the pleading stage is not whether Plaintiff might be able to support the claims he has asserted or new claims if allowed to conduct discovery; rather, the focus is solely on the sufficiency of the facts alleged in Plaintiff's pleadings and whether those factual allegations, taken as true, state a plausible claim for relief.

Thus, for all of these reasons, the court **overrules** Plaintiff's objections to the Report that pertain to dismissal of his claims.

### B. Plaintiff's Motion for Leave to File Surreply and Related Objections (Docs. 20, 24, 26)

Plaintiff's contention regarding the magistrate judge's denial of his request to file a surreply appears to stem from his misunderstanding of the law applicable to reply briefs and surreplies. In addition to his objections to the Report, Plaintiff filed separate objections (Doc. 24) to the magistrate judge's October 24, 2025 Order that denied his Motion for Leave to File Surreply. Like his Motion for Leave, Plaintiff argues in his objections to the October 24, 2025 Order that he was entitled to file a surreply to address new arguments and alleged mischaracterizations of his claims included the reply that DISD filed in connection with its Motion. For support, he relies on *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004), for the conclusion that "[a] district court may rely on new arguments and evidence presented for the first time in a reply brief only if it gives the non-movant an adequate opportunity to respond." He also relies on *Thompson v. Dallas City Attorney's Office*, 913 F.3d 464, 471 (5th Cir. 2019), for the same conclusion. Plaintiff contends that the magistrate judge, therefore, erred in not allowing him to address DISD's new arguments and mischaracterizations. After DISD responded to this objection, Plaintiff filed a Notice of

Clarification and Rebuttal in Support of Rule 72(a) Objections, which the court construes as a reply.

The court has reviewed Plaintiff's Motion for Leave to File Surreply, the parties' briefing filed in connection with this Motion, and the magistrate judge's October 24, 2025 Order and denial of the Motion, and it **finds no error**. It is "well-established that the party with the burden on a particular matter will normally be permitted to open and close the briefing." *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 291 (N.D. Tex. 1988) (en banc). "This principle is sound" because, [i]n our jurisprudence the party who must persuade the court of the merits of the relief it seeks is almost always given the final word." *Springs Induss., Inc. v. American Motorists Ins. Co*., 137 F.R.D. 238, 239 (N.D. Tex. 1991). "Thus, the movant is entitled to file the last pleading." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). The purpose of a reply brief under this District's Local Rule 7.1(f), "is to rebut the nonmovant[s'] response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Id.* at 239-40. When a movant injects new arguments or evidence in a reply without affording the nonmovant an opportunity for further response, the decision of whether to strike or consider the new arguments and evidence is left to the discretion of the presiding magistrate judge and district judge and decided in accordance with the *Dondi* standards. *Id.* at 240 & n.2 (citing *Dondi Props. Corp.*, 121 F.R.D. at 286 & n.4). Neither this district's Local Civil Rules nor the Federal Rules of Civil Procedure allow a party to file a surreply "as a matter of right." *Gezu v. Charter Commc'ns*, 17 F.4th 547, 555-56 (5th Cir. 2021) (quoting *Lacher*, 147 F. Supp. 2d at 539). Moreover, surreplies are "highly disfavored" and allowed only "in exceptional or extraordinary circumstances." *Id.*

Plaintiff followed the correct procedure in seeking leave to file a surreply, but he has not demonstrated exceptional or extraordinary circumstances that would warrant allowing him to file

his surreply because the arguments in DISD's reply that he seeks to address via a surreply do not constitute new arguments, as they flow from or rebut the arguments included in Plaintiff's response. For example, Plaintiff contends that DISD's reply raised a new "abandonment" argument, but DISD's argument that Plaintiff abandoned his discrimination claim is based on DISD's contention that Plaintiff's response failed to address an argument in DISD's Motion pertaining to his discrimination claim. Thus, this argument flows directly from and derives from the adequacy of Plaintiff's response and arguments and, more specifically, his alleged failure to address all arguments raised in DISD's Motion. In any event, the magistrate judge did not rely on this argument in addressing DISD's Motion.

As noted, Plaintiff also contends that certain arguments in DISD's reply mischaracterize his claims.  Plaintiff's disagreement with DISD's characterizations of his claims, however, does not constitute the type of exceptional or extraordinary circumstances that would warrant allowing him to file his surreply. While Plaintiff contends that DISD "re-cast[ed] [his] factual allegations as 'trivalties' by lifting phrasing out of context from [his] response," Doc. 22 at 3, DISD's reply does not refer to the conduct alleged by Plaintiff as "trivalties."  Instead, this argument was made in Plaintiff's response. *See* Doc. 18 at 12 ("Defendant argues that walkthroughs, lesson plan criticisms, and classroom observations cannot support retaliation. Plaintiff does not rest his claim on such ***trivialities***.") (emphasis added); Doc. 18 at 13 ("Each of these actions would dissuade a reasonable employee from making or pursuing a complaint of harassment. That is the standard under *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Defendant's contrary position attempts to ***trivialize*** concrete retaliatory acts that materially altered Plaintiff's terms and conditions of employment.") (emphasis added). Thus, DISD was entitled to address this responsive argument by Plaintiff in its reply brief.

Order – Page 8

Finally, Plaintiff objects to the denial of his request to file a surreply on the grounds that DISD's reply impermissibly expanded or reframed the exhaustion and timeliness arguments asserted in their Motion.  As DISD correctly notes, however, this ground was not raised in Plaintiff's Motion for Leave to File Surreply.  It was raised for the first time in the reply he filed in support of his Motion for Leave.  Thus, it is not an appropriate basis for objecting to the magistrate judge's denial of his request to file a surreply.  In any event, Plaintiff acknowledges that DISD argued in its Motion that his claims should be dismissed on exhaustion and timeliness grounds, and the magistrate judge's recommendation that DISD is entitled to dismissal of Plaintiff's claims was not limited to exhaustion and timeliness grounds.

For all of these reasons, the court **overrules** Plaintiff's objections to the magistrate judge's denial of his Motion for Leave to File Surreply and **affirms** the magistrate judge's October 24, 2025 Order.

## C.  Amendment of Pleadings

Rule 15(a)[2] provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768).  Likewise, a district court need not grant a motion to amend if doing

---

[2] The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

so would be an exercise in futility. *Wiggins*, 710 F. App'x at 627 (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

Although Plaintiff is proceeding pro se, he was previously given an opportunity to amend his pleadings the last time DISD and the other Defendants moved to dismiss his claims. Plaintiff also fails to explain how he would cure the deficiencies identified in his pleadings if he was allowed to amend. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint."). Plaintiff contends that it would be unfair if his claims were dismissed before he has an opportunity to conduct discovery that could *possibly* uncover additional information that *may* support his current claims or other actionable conduct *not yet pleaded*. This, however, would require the court to ignore the Rule 12(b)(6) standard and unnecessarily delay the resolution of this litigation to allow Plaintiff to engage in an impermissible fishing expedition in the hopes of unearthing information that may support a claim for relief against DISD. Proceeding in an open-ended manner such as this would unduly prejudice DISD.

Moreover, Plaintiff has taken the position that his claims as pleaded are adequate despite DISD's contentions and the magistrate judge's conclusions to the contrary. The court, therefore, determines that Plaintiff has pleaded his "best case" such that further amendment would be futile and unnecessarily delay the resolution of this litigation. Accordingly, the court **overrules** Plaintiff's objections to the Report with respect to whether he should be allowed to *further* amend his pleadings.

## V.    Conclusion

Having considered DISD's Motion to Dismiss, the briefs of the parties considered by the magistrate judge, the pleadings, record in this case, and Report, and having conducted a de novo review of the portions of the Report to which objection was made by Plaintiff, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.   Thus, the court **overrules** all objections by Plaintiff to the Report; **grants** DISD's Motion to Dismiss (Doc. 16); and **dismisses with prejudice** this action and all claims by Plaintiff under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.   The court also **overrules** Plaintiff's objections to the magistrate judge's October 24, 2025 Order (Doc. 23) denying his Motion for Leave to File Surreply (Doc. 20), and it **affirms** that Order and ruling. As no claims remain, the court will issue judgment by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 23rd day of February, 2026.


Sam A. Lindsay
United States District Judge